UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

ROMARIO ORTEGA, individually and
on behalf of all others similarly
situated,

                  Plaintiff,

– against –

YAMAYA USA, INC. and JAPAN
PREMIUM BEEF, INC. and HIRAI
TAKAYUKI, as an individual,

                  Defendants.

**OPINION & ORDER**

24-cv-05743 (ER)

RAMOS, D.J.:

        Romario Ortega brought this action against Yamaya USA, Inc., Japan Premium Beef, Inc., and Hirai Takayuki ("Defendants") on July 30, 2024. Doc. 1. Ortega alleged violations of the Fair Labor Standards Act ("FLSA"), and various provisions of the New York Labor Law ("NYLL"). *Id.* ¶¶ 60–83. Ortega alleged that Defendants failed to pay him overtime wages and spread of hours compensation and did not provide him with notice and wage statements. *Id*. On December 19, 2024, the parties submitted their first application for settlement approval. Doc. 24. For the reasons set forth below, the motion is GRANTED.

**I.    LEGAL STANDARD**

        In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the

following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted). Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

The proposed settlement agreement provides a total recovery of $150,000. Doc. 24-1 at 1. Pursuant to the agreement, Ortega's counsel will receive approximately one third of the total settlement amount, namely, $50,974, for attorneys' fees and costs. *Id.* After attorneys' fees and costs, Ortega will receive $99,206. *Id.* at 2.

Ortega estimates that his maximum recovery on all of his claims would be $212,960.13. Doc. 24 at 2. Thus, the settlement does not constitute full payment of all of Ortega's claims. Rather, the $99,206 Ortega will collect (his settlement award net of attorneys' fees and costs) represents approximately 46.59% of his total possible recovery. In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Dougherty receiving a settlement without experiencing the risks and delays inherent in litigation. "Furthermore, the adversarial

nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted).  Considering the aforementioned uncertainties and the risks of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Dougherty.  *See Garcia v. Good for Life by 81, Inc.*, No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues") (citation omitted). Finally, this settlement resulted from arm's length negotiations where the parties were represented by experienced counsel at a Court-appointed mediation before a highly-qualified and experienced mediator.  *See* Doc. 24 at 3.  Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court further concludes that the proposed attorneys' fees and costs are reasonable.  Ortega's counsel will receive $50,974 for attorney fees and costs, which approximately one third of the total settlement amount.  *See* Doc. 24-1 at 2.  This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).  Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.*  "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Ortega's counsel has submitted billing records for two attorneys:  (1) Roman Avshalumov, who bills at a rate of $425 per hour; and (2) James O'Donnell, who bills at a

3

rate of $250 per hour. *See* Doc. 24-2. Avshalumov is listed as "managing director" on the website of Helen F. Dalton & Associates, P.C. and started to practice law in 2007. O'Donnell started to practice law in 2014. The Court finds that the hourly rates of Avshalumov and O'Donnell reasonable. *See, e.g., Claud v. Brown Harris Stevens of Hamptons, LLC*, No. 2:18 Civ. 01390, 2024 WL 245261, at *5 (E.D.N.Y. Jan. 23, 2024) ("[A] rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators."); *Agudath Israel of Am. v. Hochul*, No. 20 Civ. 4834, 2021 WL 5771841, at *5 (E.D.N.Y. Dec. 6, 2021), aff'd, No. 22-38, 2023 WL 2637344 (2d Cir. Mar. 27, 2023) (rewarding attorney fees at hourly rates between $200 and $350 for "four associates, who have practiced for about six to eight years").

      The records submitted by Ortega's counsel show that Avshalumov spent 25.9 hours on this case at a $425 hourly rate, resulting in a lodestar of $11,007.50; O'Donnell spent 28.1 hours on the case at a $250 hourly rate, resulting in a lodestar of $7,025. Therefore, counsel's total lodestar in this case is $18,032.50. Ortega's counsel seeks a total of $50,794. Doc. 24-1 at 2. The lodestar of $18,032.50, compared to the requested $50,794 of the settlement, results in a lodestar multiplier of approximately 2.81. Although the multiplier is slightly higher than what is typically awarded in FLSA cases, *see Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) ("[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."), it is reasonable given this case's size and complexity. *See, e.g., Ceka v. PBM/CMSI Inc.*, No. 12 Civ. 1711, 2014 WL 6812127, at *1 (S.D.N.Y. Dec. 2, 2014) (approving 3.36 multiplier in $ 500,000 FLSA settlement); *Pena v. Le Cirque, Inc.*, No. 14 Civ. 7541, Dkt. Nos. 45 & 46 (approving 4.9 multiplier in $ 1.1 million FLSA settlement). Ortega's counsel also submitted records of the costs, including $405 in case filing fee and $786 in fee for attempted and actual service of the summons and complaint on all defendants. Doc. 24-2 at 2. These amounts are

reasonable, and courts routinely award such costs. *James v. China Grill Mgmt., Inc.*, No. 18 Civ. 455 (LGS), 2019 WL 1915298, at *3 (S.D.N.Y. Apr. 30, 2019)

Accordingly, the Court accepts the multiplier of 2.81 and determines that the $50,974 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes non-admission, release, non-oral modification, no waiver, or no assignment of claims. *See* Doc. 24-1 at 1–5; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Ortega's obligations under the agreement, the release appropriately discharges:

> [A]ll FLSA, NYLL or other applicable wage and hour law actions, causes, charges, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including but not limited to attorneys' fees and costs), executions, claims, and demands of any kind . . . arising out of Plaintiff's employment by Defendants up to the and including the Effective Date and which were or could have been alleged in the Action.

Doc. 24-1 at 3; *see, e.g., Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no confidentiality or non-disparagement provisions. *See generally* Doc. 24-1.

For all the reasons stated herein, the Court approves the parties' settlement agreement.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the revised settlement agreement comports with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and

approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 26, and close the case.

    It is SO ORDERED.

Dated:   March 13, 2025
            New York, New York

                                            EDGARDO RAMOS, U.S.D.J.